

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | KATHLEEN M. LINNANE<br>Assistant Corporation Counsel<br>Labor and Employment Law Division<br>Telephone: (212) 356-2467<br>Email: klinnane@law.nyc.gov |

August 25, 2025

**By ECF**
Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

                 Re:   Hasselriis v. New York City Police Department, et al.
                       No. 25-cv-03862-AS

Dear Judge Subramanian:

       I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the New York City Police Department ("NYPD") and City of New York ("City") (collectively, "Defendants") in the above-referenced matter. I write to respectfully request a stay of discovery pending the Court's decision on Defendants' anticipated motion to dismiss the Complaint. Plaintiff consents to this request.

    **A. Background**

       Plaintiff commenced this action on May 8, 2025. ECF No. 1. Plaintiff, a Police Officer formerly employed by the New York City Police Department ("NYPD"), retired from his NYPD employment on May 20, 2022, after the NYPD denied his reasonable accommodation request ("RA Request") for an exemption to the COVID-19 vaccine mandate formerly applicable to employees of the City of New York ("Vaccine Mandate"). See Complaint ("Compl.") ¶55. Plaintiff alleges to have appealed the NYPD's denial of his RA Request, but alleges that he retired *before* his appeal was determined by Defendants. Despite retiring before his RA Request was even decided, Plaintiff alleges that in denying his RA Request, Defendants failed to accommodate his religion in violation of the New York City Human Rights Law ("CHRL"). Plaintiff also appears to allege that Defendants violated his right to freely exercise his religion, which Defendants construe as a Free Exercise Clause claim.

    **B. Defendants' Anticipated Motion to Dismiss**

       In view of Defendants' anticipated motion to dismiss, Defendants request, pursuant to Fed. R. Civ. P. 26(c), a stay of discovery. Defendants submit that dismissal of Plaintiff's claims is warranted here because Plaintiff's CHRL failure to accommodate claim has no merit. Though Plaintiff alleges that he was "forced to retire form the NYPD," Plaintiff also alleges that he retired before Defendants made a determination on his RA Request. See Compl. ¶¶55-56. Thus, Plaintiff

was not subject to either a final denial of his RA Request, nor to discipline by his employer, which is, notably, a required element of a CHRL failure to accommodate claim. See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006); Marte v. Montefiore Med. Ctr., 2022 U.S. Dist. LEXIS 186884 (S.D.N.Y. 2022). Further, even had Plaintiff been terminated as a result of his refusal to comply with the Vaccine Mandate, NYPD's enforcement of the Vaccine Mandate was not disciplinary action. Baker, 445 F.3d at 546. Instead, as an unvaccinated individual, Plaintiff was no longer qualified for his position as a City employee. See Maniscalco v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2022 NY Slip Op 30893(U) at *18 (Sup. Ct. NY Cnty. 2022) ("employee vaccination status is not a disciplinary action, but rather an employment qualification."); Garland v. N.Y.C. Fire Dep't, 574 F.Supp. 3d 120, 129 (E.D.N.Y. 2021); Gonzalez v. City of N.Y., 2024 U.S. Dist. LEXIS 56814, *19 (E.D.N.Y. 2024).

Finally, "an employee need not provide an accommodation if it 'impose[s] an undue hardship on the operation of an employer's business.'" Abdelsayed v. N.Y. Univ., 2023 U.S. Dist. LEXIS 126566, at *29 (S.D.N.Y. Jul. 24, 2023). Plaintiff's proposed accommodation would create an undue hardship, as allowing him to work unvaccinated in the community posed clear health and safety risks. As a public-facing NYPD Police Officer, Plaintiff had frequent interactions with his colleagues as well as the public citizens of the City of New York. See Garland v. N.Y. City Fire Dep't, 574 F. Supp. 3d 120, 133 (E.D.N.Y. 2021), dismissed, 665 F. Supp. 3d 295 (E.D.N.Y. 2023), aff'd, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024). Failure to take the necessary health and safety precautions would have prevented NYPD's ability to protect its employees and the public and prevent the further transmission of COVID-19.

To the extent that Plaintiff attempts to assert a Free Exercise Clause claim here, any purported Free Exercise Clause claim fails because the Second Circuit has conclusively determined that the Vaccine Mandate, "in all its iterations," was neutral and generally applicable, and is, therefore, both subject to rational basis review and facially constitutional under the Free Exercise Clause. Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021); see also New Yorkers for Religious Liberty Inc. v. City of New York, 121 F.4th 448, 459 (2d Cir. 2024). "Courts within the circuit have overwhelmingly, if not unanimously rejected [free exercise] challenges" to the to the City's COVID-19 vaccine mandates. Rizzo v. NYC Dep't of Sanitation, 2024 U.S. Dist. LEXIS 116666 at *17-18 (S.D.N.Y. 2024) (collecting cases); Vasquez v. City of New York, 2024 U.S. Dist. 58731, at *28-29 (E.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former FDNY firefighter); Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former NYPD Police Officer).

## C. Defendants, on Consent, Request a Stay of Discovery

Although an anticipated dispositive motion does not require a stay of discovery, a court may grant a motion to stay discovery "upon a showing of 'good cause.'" Pappas v. City of New York, 2024 U.S. Dist. LEXIS 14171 at *2 (S.D.N.Y. 2024) (quoting Fed. R. Civ. P. 16 (b)(4)). A court may consider the following factors: "(1) whether the defendant has made a strong showing that plaintiff's claim lacks merit; (2) the breadth of the requested discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Joglo Realties, Inc. v. Dep't of Envtl. Conservation of N.Y., 2016 U.S. Dist. LEXIS 195745, at *4 (E.D.N.Y. 2016). That the non-moving party consents to a stay of discovery is not dispositive but, rather, "is only a factor to be considered." Jay Kripalani M.D., P.C. v. United Healthcare Grp., 2025 U.S. Dist. LEXIS 1073, at *4 (E.D.N.Y. Jan. 3, 2025).

Here, the aforementioned factors weigh strongly in favor of staying discovery. Plaintiff has asserted only a single cause of action under local New York City law, and though

Defendants construe a Free Exercise Clause claim in the Complaint, neither claim will survive Defendants' anticipated motion to dismiss. Indeed, any Free Exercise Clause claim Plaintiff attempts to assert here is foreclosed by binding Second Circuit precedent. New Yorkers for Religious Liberty Inc., 121 F.4th 448. Defendants intend to file their dispositive motion as directed by the Court, and engaging in discovery while Defendants' motion to dismiss is pending will result in the unnecessary and wasteful expenditure of time, money, and resources. See Fed. R. Civ. P. 1; see also O'Sullivan v. Deutche Bank AG, 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where the defendants "made a strong showing that they are likely to succeed on their motion to dismiss.").

Finally, there is minimal risk of unfair prejudice to Plaintiff, especially because Plaintiff consents to Defendants seeking this stay, and because discovery has not yet commenced. See Concern for Indep. Living, Inc. v. Town of Southampton, 2025 U.S. Dist. LEXIS 16088, at *9–10 (E.D.N.Y. Jan. 2025) ("[I]t appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the motion to dismiss. Indeed, Plaintiff has consented to a stay.")

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Kathleen M. Linnane*
       Kathleen M. Linnane

Denied. Once the case management plan is in place and the motion to dismiss is filed, defendant can file a motion to stay discovery if it's appropriate.

The parties are reminded of the Court's August 22, 2025 order to make the required pre-conference filings by August 26, 2025 at 12:00 PM. The deadline has already been extended once.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 15.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date:  August 26, 2025

cc:    All Counsel of Record (via ECF)