

December 22, 2025

**Craig A. Mungavin**
Assistant Corporation Counsel
Phone: (212) 356-2420
Email: lawillia@law.nyc.gov

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 32.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 23, 2025

**Via ECF**

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:   Hasselriis v. New York City Police Department et al.,
        25-cv-03862 (AS)

Dear Judge Subramanian:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the New York City Police Department ("NYPD") and City of New York ("City") (collectively, "Defendants") in the above-referenced matter. I write to respectfully request a stay of discovery pending the Court's decision on Defendants' motion to dismiss the Amended Complaint. Plaintiff consents to this request.

### A.  Background

Plaintiff commenced this action on May 8, 2025. ECF No. 1.  Plaintiff filed a First Amended Complaint on September 23, 2025. ECF No. 22. Plaintiff, a Police Officer formerly employed by the New York City Police Department ("NYPD"), retired from his NYPD employment on May 20, 2022, after the NYPD denied his reasonable accommodation request ("RA Request") for an exemption to the COVID-19 vaccine mandate formerly applicable to employees of the City of New York ("Vaccine Mandate"). See Amended Complaint ("Am. Compl.") ¶56. Plaintiff alleges to have appealed the NYPD's denial of his RA Request, but alleges that he retired *before* his appeal was determined by Defendants.  Despite retiring before his RA Request was even decided, Plaintiff alleges that in denying his RA Request, Defendants failed to accommodate his religion in violation of the New York City Human Rights Law ("CHRL"). Plaintiff also appears to allege that Defendants violated his right to freely exercise his religion, which Defendants construe as a Free Exercise Clause claim.

### B.  Defendants' Motion to Dismiss

In view of Defendants' motion to dismiss, Defendants request, pursuant to Fed. R. Civ. P. 26(c), a stay of discovery pending resolution of the motion.  Defendants submit that dismissal of Plaintiff's claims is warranted here because Plaintiff's CHRL failure to accommodate claim has no merit.  Though Plaintiff alleges that he was "forced to retire from the NYPD," Plaintiff also alleges that he retired before Defendants made a determination on his RA Request. See Am

Compl. ¶¶55-56. Thus, Plaintiff was not subject to either a final denial of his RA Request, nor to discipline by his employer, which is, notably, a required element of a CHRL failure to accommodate claim. See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006); Marte v. Montefiore Med. Ctr., 2022 U.S. Dist. LEXIS 186884 (S.D.N.Y. 2022). Further, even had Plaintiff been terminated as a result of his refusal to comply with the Vaccine Mandate, NYPD's enforcement of the Vaccine Mandate was not disciplinary action. Baker, 445 F.3d at 546. Instead, as an unvaccinated individual, Plaintiff was no longer qualified for his position as a City employee. See Maniscalco v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2022 NY Slip Op 30893(U) at *18 (Sup. Ct. NY Cnty. 2022) ("employee vaccination status is not a disciplinary action, but rather an employment qualification."); Garland v. N.Y.C. Fire Dep't, 574 F.Supp. 3d 120, 129 (E.D.N.Y. 2021); Gonzalez v. City of N.Y., 2024 U.S. Dist. LEXIS 56814, *19 (E.D.N.Y. 2024).

Finally, "an employer need not provide an accommodation if it 'impose[s] an undue hardship on the operation of an employer's business.'" Abdelsayed v. N.Y. Univ., 2023 U.S. Dist. LEXIS 126566, at *29 (S.D.N.Y. Jul. 24, 2023)(internal citation omitted). Plaintiff's proposed accommodation would create an undue hardship, as allowing him to work unvaccinated in the community posed clear health and safety risks. As a public-facing NYPD Police Officer, Plaintiff had frequent interactions with his colleagues as well as the public citizens of the City of New York. See Garland v. N.Y. City Fire Dep't, 574 F. Supp. 3d 120, 133 (E.D.N.Y. 2021), dismissed, 665 F. Supp. 3d 295 (E.D.N.Y. 2023), aff'd, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024). Failure to take the necessary health and safety precautions would have prevented NYPD's ability to protect its employees and the public and prevent the further transmission of COVID-19.

To the extent that Plaintiff attempts to assert a Free Exercise Clause claim here, any purported Free Exercise Clause claim fails because the Second Circuit has conclusively determined that the Vaccine Mandate, "in all its iterations," was neutral and generally applicable, and is, therefore, both subject to rational basis review and facially constitutional under the Free Exercise Clause. Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021); see also New Yorkers for Religious Liberty Inc. v. City of New York, 121 F.4th 448, 459 (2d Cir. 2024). "Courts within the circuit have overwhelmingly, if not unanimously rejected [free exercise] challenges" to the to the City's COVID-19 vaccine mandates. Rizzo v. NYC Dep't of Sanitation, 2024 U.S. Dist. LEXIS 116666 at *17-18 (S.D.N.Y. 2024) (collecting cases); Vasquez v. City of New York, 2024 U.S. Dist. 58731, at *28-29 (E.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former FDNY firefighter); Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former NYPD Police Officer).

### C. Defendants, on Consent, Request a Stay of Discovery

Although an anticipated dispositive motion does not require a stay of discovery, a court may grant a motion to stay discovery "upon a showing of 'good cause.'" Pappas v. City of New York, 2024 U.S. Dist. LEXIS 14171 at *2 (S.D.N.Y. 2024) (quoting Fed. R. Civ. P. 16 (b)(4)). A court may consider the following factors: "(1) whether the defendant has made a strong showing that plaintiff's claim lacks merit; (2) the breadth of the requested discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Joglo Realties, Inc. v. Dep't of Envtl. Conservation of N.Y., 2016 U.S. Dist. LEXIS 195745, at *4 (E.D.N.Y. 2016). That the non-moving party consents to a stay of discovery is not dispositive but, rather, "is

2

only a factor to be considered." <u>Jay Kripalani M.D., P.C. v. United Healthcare Grp.</u>, 2025 U.S. Dist. LEXIS 1073, at *4 (E.D.N.Y. Jan. 3, 2025).

Here, the aforementioned factors weigh strongly in favor of staying discovery. Plaintiff has asserted only a single cause of action under the CHRL, and though Defendants construe a Free Exercise Clause claim in the Amended Complaint, neither claim will survive Defendants' anticipated motion to dismiss. Indeed, any Free Exercise Clause claim Plaintiff attempts to assert here is foreclosed by binding Second Circuit precedent. <u>New Yorkers for Religious Liberty Inc.</u>, 121 F.4th 448. Defendants have filed their dispositive motion as directed by the Court, and engaging in discovery while Defendants' motion to dismiss is pending will result in the unnecessary and wasteful expenditure of time, money, and resources. <u>See</u> Fed. R. Civ. P. 1; <u>see also O'Sullivan v. Deutche Bank AG</u>, 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where the defendants "made a strong showing that they are likely to succeed on their motion to dismiss.").

Finally, there is minimal risk of unfair prejudice to Plaintiff, especially because Plaintiff consents to Defendants seeking this stay, and because discovery has not yet commenced. <u>See</u> <u>Concern for Indep. Living, Inc. v. Town of Southampton</u>, 2025 U.S. Dist. LEXIS 16088, at *9–10 (E.D.N.Y. Jan. 2025) ("[I]t appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the motion to dismiss. Indeed, Plaintiff has consented to a stay.")

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

**[ECF]**            **/S/**

Craig Mungavin
Assistant Corporation Counsel

cc:     All Counsel of Record (via ECF)