UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC HASSELRIIS,

Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK,

Defendants.

25-cv-3862 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Eric Hasselriis was an NYPD police officer who sought an exemption from the department's vaccine mandate during the pandemic on religious grounds. Dkt. 22 ¶ 2 (Amended Complaint). He alleges that the department failed to accommodate his sincere religious beliefs and therefore violated his rights under the New York City Human Rights Law ("NYCHRL"). As a result of the department's actions, Hasselriis alleges that he suffered emotional distress, and ultimately "was forced to retire under duress and was constructively terminated on May 20, 2022." *Id.* ¶ 16.

Specifically, Hasselriis alleges that on October 22, 2021 he applied within the department for a vaccine exemption, citing his sincere religious beliefs as a Christian, and his understanding that vaccines used aborted fetal cell lines for their development. *Id.* ¶¶ 36–43; Dkt. 1-1. Without any dialogue concerning his application, Hasselriis alleges that it was denied with a boilerplate checklist form, with the department checking the boxes for (1) "Statement does not appear to be written by applicant/generic statement that does not support candidate's request," and (2) "No demonstrated history of vaccination/medicine refusal." Dkt. 22 ¶ 49. Hasselriis appealed the denial of his accommodation request, but claims that he "was told that all Appeals would be denied." *Id.* ¶ 54. He says that "[u]pon learning that his Appeal would be denied and [that he would] then be terminated," he suffered "immense pain and suffering, including acute stress and panic attacks. He did not know how he would pay his bills or survive." *Id.* ¶ 55. Hasselriis alleges that he did not voluntarily resign, but rather that his termination was inevitable given the imminent denial of his appeal. *Id.* ¶¶ 56–60. This put him between a rock and a hard place, because "[i]f Plaintiff did not retire he would have been terminated and completely lose any and all pension that he was entitled to." *Id.* ¶ 60. So Hasselriis resigned, and filed this case alleging that defendants violated the anti-discrimination prohibitions of the NYCHRL by failing to accommodate his religious beliefs.

The Second Circuit recently clarified the standard for addressing reasonable-accommodation claims under Title VII, holding that "a plaintiff must demonstrate (1) that she actually required an accommodation of her religious practice, and (2) that the employer's desire to avoid the actually

required prospective accommodation was a motivating factor in (3) an adverse employment decision." *Bergin v. New York State Unified Ct. Sys.*, 182 F.4th 203, 206 (2d Cir. 2026). If that showing is made, the burden shifts to the employer to prove that accommodating the employee's religious beliefs would pose an undue hardship. There is no dispute that while the NYCHRL might be even more forgiving to plaintiffs than Title VII, meeting Title VII's standard suffices to prove liability. *See, e.g.*, *De Souza v. New York*, 824 F. Supp. 3d 336, 374 (S.D.N.Y. 2026) (observing that "NYCHRL claims must be construed 'more liberally' than Title VII claims, and 'broadly in favor of discrimination plaintiffs,'" and so satisfaction of Title VII's standard suffices); Dkt. 31 at 2 (Reply Brief) ("CHRL religious failure to accommodate claims are analyzed under the same two-step framework as Title VII religious failure to accommodate claims.").

Defendants raise various arguments for dismissal. First, they argue that the NYPD cannot be sued. The Court agrees that the NYPD cannot be sued in this context; claims are properly directed to the City instead. *See, e.g.*, *Koulibaly v. City of New York*, 2026 WL 1786003, at *2 (S.D.N.Y. June 22, 2026). Next, defendants say that any Free Exercise claim is subject to dismissal, as Hasselriis failed to address such a claim in his motion-to-dismiss opposition. On this argument, Hasselriis's amended complaint raises no claim under the Free Exercise Clause. So defendants' motion to dismiss any claims against the NYPD is granted, and their motion to dismiss as to any Free Exercise claim is denied (as no such claim is asserted).

As to the NYCHRL claim, defendants make several arguments. First, they argue that a claim under this law requires a plaintiff to plead that they were "disciplined" for failing to comply with an employment requirement conflicting with their religious beliefs, and that a constructive discharge doesn't count as "discipline." That argument is contrary to law, even as stated by the cases cited by defendants. *See, e.g.*, *Chinchilla v. New York Police Dep't*, 2024 WL 3400526, at *8 (S.D.N.Y. July 12, 2024) (observing in a similar case that being forced to resign as an alternative to termination counts as "discipline"). And in any event, defendants' argument ignores the reformulation of the Title VII standard in *Bergin*. While the standard used to refer to "discipline," it now requires an "adverse employment decision," which a constructive discharge clearly is. *See, e.g.*, *Green v. Town of E. Haven*, 952 F.3d 394, 404 (2d Cir. 2020).

Defendants respond that even if they are wrong on the law, Hasselriis didn't adequately plead a constructive discharge, because he resigned before any adverse determination was made on his appeal of his accommodation denial. But as the Second Circuit in *Green* made clear, the question of whether a constructive discharge occurred is a fact-sensitive inquiry, turning on whether a reasonable employee would have felt compelled to resign under the circumstances. *Id*. at 405. Here, the complaint alleges that Hasselriis was told that his appeal would be denied, and defendants don't contest that the inevitable consequence of that denial would be his termination. So defendants' argument seems to turn on timing, and is better suited to resolution after discovery into what Hasselriis was told, what he understood, and what the police department's policies at the time were.

Finally, defendants argue that Hasselriis fails to plead a sincere religious belief that required an accommodation, and they say that the complaint "fails to rebut" defendants' arguments

regarding undue hardship. Obviously, the Court cannot judge the sincerity of Hasselriis's religious beliefs on the face of the complaint. What's relevant at this stage is that he has plainly pleaded that he had a sincere religious belief and that complying with the vaccine mandate threatened his adherence to that belief. Dkt. 22 ¶¶ 38–43. As for undue hardship, that is an affirmative defense that defendants bear the burden to prove. To the extent that Hasselriis was required to plead anything in this regard, he pleads that other officers were granted reasonable accommodations. *Id.* ¶ 50. But for him, his application was denied with no discussion. *Id.* ¶¶ 47–48. And it wasn't denied on grounds of undue hardship, but apparently on the department's conclusion that his religious beliefs were insincere and he had no "demonstrated history of vaccination/medicine refusal," *id.* ¶ 49. Resolution of the defense of undue hardship at this stage is inappropriate.

## CONCLUSION

For these reasons, defendants' motion to dismiss the amended complaint is GRANTED as to the New York City Police Department but otherwise DENIED. The stay of this case, Dkt. 33, is hereby lifted. The parties should meet and confer, and by September 1, 2026, propose a case management plan for discovery and summary judgment proceedings.

The Clerk of Court is respectfully directed to close Dkt. 27.

SO ORDERED.

Dated: August 19, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge